# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

VINCENT CRAIG POWELL, #1394662

        Petitioner,

v.                            Civil Action No. 2:16cv405

DEPARTMENT OF CORRECTIONS,

        Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Vincent Craig Powell ("Powell") is a Virginia inmate currently serving a 31-year active sentence following convictions in 2013 for Attempted Robbery, Conspiracy to Commit Robbery, Possession of a sawed-off Shotgun, Maliciously Shooting into an Occupied Dwelling, and Use of a Firearm in the Commission of a Felony. His federal habeas petition alleges three claims for relief.[1] Respondent moved to dismiss the petition, and the matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure.

---

[1] Powell has raised two claims challenging the sufficiency of the evidence used to convict him and one claim of ineffective assistance of counsel. His evidentiary claims are labeled as "1a" and "1b." See Petition for Writ of Habeas Corpus (ECF No. 1).

Powell has exhausted his first evidentiary claim, and has simultaneously exhausted and defaulted on the remaining two claims. As to his first claim, Powell does not plausibly allege entitlement to federal relief under the deferential standard of 28 U.S.C. § 2254(d). With regard to his defaulted evidentiary claim, Powell cannot show cause and prejudice to excuse the default, nor has he asserted a plausible claim of actual innocence. On his final defaulted claim – ineffective assistance of counsel – Powell has failed to plausibly allege a substantial claim so as to excuse default and obtain federal review. Accordingly, the undersigned RECOMMENDS that the court deny Powell's claims, GRANT Respondent's motion (ECF No. 13), and DISMISS the Petition.

## I.   <u>STATEMENT OF THE CASE</u>

Following a jury trial, the Circuit Court of the City of Portsmouth convicted Powell of conspiracy to commit robbery, attempted robbery, use of a sawed-off shotgun, and multiple counts of shooting from a vehicle and malicious shooting into a dwelling. <u>Commonwealth v. Powell</u>, No. CR13-504 (Va. Cir. Ct. Aug. 22, 2013). Final judgment was entered October 30, 2014. The court sentenced Powell to a total of 33 years' imprisonment with 2 years suspended, for an active sentence of 31 years. Sentencing Order, <u>Commonwealth v. Powell</u>, No. CR13-504 (Va. Cir. Ct. Oct. 30, 2013) (ECF No. 13-1).

2

Powell appealed his convictions to the Court of Appeals of Virginia, which denied the appeal in a per curiam opinion dated June 6, 2014. Powell v. Commonwealth, No. 2112-13-1 (Va. Ct. App. June 6, 2014) (per curiam) (ECF No. 13-2). He argued that the evidence was insufficient to prove he discharged the shotgun or conspired to commit robbery. In denying his appeal, the Court of Appeals summarized the evidence relevant to his arguments as follows:

> [Powell] contacted John Golden and told him that he wanted to "get some real money" from Christopher Epps. John Golden and Jazmyn Anthony went to [Powell's] house and developed a plan with [Powell] to rob Christopher Epps. The plan involved Anthony providing a fake name to cause Epps to open the door, and then Golden and [Powell] pistol-whipping Epps to attempt to gain entry into the home. [Powell] acquired two guns— he gave a handgun to Golden and kept a sawed-off shotgun for himself. [Powell] rode in the car with Golden and Anthony to Epps's house. [Powell] provided directions to Epps's home. When Anthony approached the door of the Epps residence, Golden approached with a handgun and [Powell] approached with a sawed-off shotgun. Anthony knocked and provided a fake name at the door of Epps's home, but Epps did not open the door. Then, Anthony, Golden, and [Powell] returned to the vehicle. Anthony returned to the driver's seat, Golden sat in the front passenger seat, and [Powell] sat in the rear passenger seat behind the driver. As Anthony drove the vehicle away, [Powell] rolled down the window and shot three or four rounds from his shotgun at the Epps residence. Lauren Whitfield, the fiancée of Christopher Epps, stood in the side window of the Epps home and observed the events. As the vehicle was slowly pulling away, Whitfield saw a silhouette emerge from the rear window behind the driver's seat right before the gunshots penetrated the window and shattered the glass.

When [Powell] observed a police car following the vehicle, he ordered Golden to dispose of the gun, which Golden threw out of the window. [Powell] also threw his sawed-off shotgun through the window. The police apprehended the vehicle shortly afterward and discovered unfired shotgun shells on the floor of the vehicle behind the driver's seat. [Powell] was the only occupant of the rear seat of the vehicle. A police officer recovered [Powell's] sawed-off shotgun in the path in which he had pursued the vehicle, and the police also found four used shotgun casings on the street in front of the Epps residence. A forensic scientist found one particle of gunshot residue on [Powell's] right hand.

Id. at 1-2.

The Court of Appeals found that "[a] rational fact finder could have reasonably concluded from this evidence that [Powell] was the one who discharged the shotgun into the Epps residence." Id. at 2. Thereafter, Powell – through counsel – filed a petition for appeal in the Supreme Court of Virginia, which was refused on October 21, 2014. Powell v. Commonwealth, No. 140911 (Va. Oct. 21, 2014).

On May 26, 2015, without the assistance of counsel, Powell filed a petition for a writ of habeas corpus in the Circuit Court of the City of Portsmouth. Powell's state petition asserted two claims of ineffective assistance of counsel, arguing that his attorney failed to impeach key prosecution witnesses and failed to communicate a plea agreement offer. Applying Stickland v. Washington, 466 U.S. 668 (1984), the state habeas court rejected both claims. Final Order, Powell v.

*Commonwealth*, No. CR13000504-01-18 (Va. Cir. Ct. Sept. 15, 2015) (ECF No. 13-4). While Powell filed a Notice attempting to appeal the denial to the Supreme Court of Virginia, he did not file a Petition, and thus failed to perfect his appeal. See (ECF No. 13-8) (letter from Clerk of the Supreme Court of Virginia noting Powell's failure to file Petition for Appeal and returning state habeas records to circuit court). On October 2, 2015, Powell moved the Circuit Court to amend his state habeas petition, seeking to add an evidentiary and ineffective assistance claim. Mot. to Amend, *Powell v. Commonwealth*, No. CL15-1998 (Va. Cir. Ct. Oct. 2, 2015) (ECF No. 13-5). The state habeas court denied the motion without explanation on November 2, 2015. Final Order, *Powell v. Commonwealth*, No. CL15-1998 (Va. Cir. Ct. Nov. 2, 2015) (ECF No. 13-6). Powell did not appeal the denial of his motion to amend.

In his federal petition, Powell raises two evidentiary claims and one ineffective assistance claim. The first evidentiary claim, which he raised on direct appeal from his conviction, asserts that the evidence at trial was insufficient to prove he discharged the shotgun or conspired to commit robbery. See Petition for Writ of Habeas Corpus 4 (ECF No. 1) [hereinafter Petition]. Powell's second evidentiary claim asserts that the evidence at trial was insufficient to support multiple counts of shooting from a motor vehicle and maliciously

shooting into an occupied dwelling. Id. at 11. Finally, Powell asserts that his counsel was ineffective because they failed to argue that the evidence could not support multiple convictions for the shooting. Id. at 15.

The Respondent filed a Motion to Dismiss the Petition and argues that Powell's first claim is without merit and the remaining claims are procedurally defaulted. See Resp't Br. Supp. Mot. to Dismiss (ECF No. 13). Powell received notice of the motion and his opportunity to respond as required by Local Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Powell filed a timely opposition brief (ECF No. 15), and the matter is now ripe for review.

## II. RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Powell's First Claim of Insufficient Evidence (Claim 1a) Does Not Show That Powell Is Entitled to Relief Under § 2254(d)

Powell's first claim, challenging the sufficiency of the evidence used to prove he fired a weapon and was involved in a conspiracy, is the only claim that was clearly exhausted in the state court. See Pet. (ECF No. 1, at 4). Powell exhausted the claim after presenting it to the Supreme Court of Virginia on direct appeal. See Order Denying Pet. For Appeal, Powell v. Commonwealth, No. 140911 (Va. Oct. 21, 2014) (ECF No. 13-3); Hedrick v. True, 443 F.3d 342, 364 (4th Cir. 2006). Once a petitioner's state remedies have been exhausted, a federal court

6

still may not grant relief on any claim adjudicated on the merits by the state court, unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law" or "resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1)-(2).[2] Therefore, the court is obliged to analyze this claim under 28 U.S.C. § 2254(d) by assessing the reasonableness of the Court of Appeals of Virginia's decision. See Ylst v. Nunnemaker, 501 U.S. 797, 805 (1991) (holding that the federal habeas court looks to the last explained state court judgment).

1. The Court of Appeals of Virginia's Conclusion That the Evidence Was Sufficient to Convict Powell was not contrary to, or an Unreasonable Application of, Clearly Established Federal Law

An essential element of the right to due process secured by the Fourteenth Amendment to the Federal Constitution is that "no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof - defined as evidence necessary to

---

[2] A state court's decision is contrary to clearly established federal law if the court arrives at a conclusion opposite to one reached by the Supreme Court on a question of law, or decides a case differently than the Supreme Court on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court unreasonably applies clearly established law if it identifies the correct legal principle, but unreasonably applies it to the facts of the case. Id. at 413. A state court makes an unreasonable determination of fact when its application of the law depends, in whole or in part, on a factual finding that is not supported by evidence in the record. See Wiggins v. Smith, 539 U.S. 510, 528 (2003).

convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." Jackson v. Virginia, 443 U.S. 307, 316 (1979) (citing In re Winship, 397 U.S. 358 (1970)). Therefore, a petitioner who alleges that the evidence was insufficient to sustain a conviction has stated a constitutional claim cognizable in a federal habeas corpus proceeding. Id. at 321.

In reviewing a sufficiency of the evidence claim, the relevant inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319 (emphasis in original). The reviewing court must consider circumstantial as well as direct evidence, and allow the prosecution the benefit of all reasonable inferences from the facts proven to those sought to be established. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

As the Supreme Court has expressly recognized, it is wholly the responsibility of the fact-finder to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences. Jackson, 443 U.S. at 319. In Wright v. West, the Supreme Court expounded upon Jackson, stating:

> In Jackson, we emphasized repeatedly the deference owed to the trier of fact and, correspondingly, the sharply limited nature of constitutional sufficiency

review. We said that "all of the evidence is to be considered in the light most favorable to the prosecution"; that the prosecution need not affirmatively "rule out every hypothesis except that of guilt"; and that a reviewing court "faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."

505 U.S. 277, 296-97 (1992) (emphasis in original) (internal citations omitted).

Under federal habeas review, the court looks to the state court's decision and assesses only whether it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Here, the Court of Appeals of Virginia conducted a full review of Powell's claim, and concluded that there was sufficient evidence to convict him. Thus, Powell is only entitled to relief if that determination was an unreasonable application of the above-cited Supreme Court precedent. The undersigned finds that it was not.

Based on the evidence presented at trial, and as discussed by the Court of Appeals, there was sufficient evidence for a reasonable trier of fact to find that Powell conspired to commit

robbery and fired a shotgun from the vehicle he was in. With respect to the conspiracy to commit robbery, Powell's argument hinges on a credibility contest between him and his co-defendant, John Golden ("Golden").[3] Golden testified that Powell met with him and Jazmyn Anthony ("Anthony") to plan the robbery of Christopher Epps, and subsequently provided two firearms for that purpose. See Trial Tr. 58-61, Commonwealth v. Powell, No. CR13-504 (Va. Cir. Ct. Aug. 21, 2013). Powell claims that this did not occur, and that he travelled to Epps' home at Golden's request to retrieve money Epps owed Golden, unaware of any plan to rob Epps or the presence of firearms. See Pet. 7 (ECF No. 1). But the conflicts in this testimony were resolved by the jury, and it was wholly their responsibility to do so. See Jackson, 443 U.S. at 319. Having resolved the conflicting testimony against Powell, a rational trier of fact could have found that Powell and his co-defendants made a plan and agreed to rob Epps, and that Powell took steps in furtherance of that plan by obtaining firearms.

In regard to the discharge of the shotgun, Powell argues that the forensic evidence shows he was not the person who fired the weapon. Specifically, he points to the fact that only one

---

[3] Powell does not contend that the Court of Appeals of Virginia misinterpreted or erred in their summary of the evidence at trial. Rather, he argues that Golden's testimony is unreliable because he offered it in exchange for a plea deal. See Pet. 8-9 (ECF No. 1).

particle of gunshot residue was found on his right hand, while his co-defendants had gunshot residue on both his hands. See Pet. 8 (ECF No. 1). But Powell does not acknowledge or attempt to refute other evidence that suggested he fired the shotgun – namely, the eye witness testimony that shots were fired from the back seat of the car where Powell was found by police. See Trial Tr. 44-45, Commonwealth v. Powell, No. CR13-504 (Va. Cir. Ct. Aug. 21, 2013). The eye witness testimony of shots being fired from the back seat, and Powell being found there with unspent shotgun shells – in combination with the gunshot residue – could allow a rational trier of fact to conclude that he was the shooter. Again, while there may have been conflicting evidence at trial, the jury resolved those conflicts by finding Powell guilty of firing the shotgun.

Based on the evidence presented at trial, and viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found Powell guilty of conspiring to commit robbery and discharging a shotgun. This court is not permitted to reverse the credibility and factual determinations of the jury. See Jackson, 443 U.S. at 319. Acknowledging that a rational trier of fact could have found Powell guilty, the Court of Appeals' decision "was [not] contrary to, or . . . an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of

the United States" and did not "result[] in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Accordingly, Powell's first evidentiary claim is without merit, and the undersigned recommends that it be dismissed.

## B. Powell Failed to Exhaust His State Court Remedies and Has Procedurally Defaulted His Remaining Claims

Habeas petitions that challenge a state's custody over a petitioner must show that such custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before seeking a writ of habeas corpus from a federal court, petitioners must exhaust the remedies available to them in state court or demonstrate the absence or ineffectiveness of such remedies. 28 U.S.C. § 2254(b)(1). The state prisoner must give the state court an initial opportunity to consider the alleged constitutional errors that occurred in his state trial and sentencing. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). In order "[t]o satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); Picard v. Connor, 404 U.S. 270, 275-76 (1971). This "generally requires that the essential legal theories and factual allegations advanced in federal court be

12

the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993).   In other words, Powell must have "present[ed] the same factual and legal claims raised in the instant petition to the Supreme Court of Virginia either by way of (i) direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial of a state habeas petition." Sparrow v. Dir. Dep't of Corr., 439 F. Supp. 2d 584, 587 (E.D. Va. 2006).

If a petitioner presents unexhausted claims, the court may dismiss the federal petition without prejudice to permit exhaustion.   See, e.g., George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996).   However, "when it is clear that the state law would bar state review, exhaustion is not required, and federal review is precluded." Bassette v. Thompson, 915 F.2d 932, 937 (4th Cir. 1990); see also Gray v. Netherland, 518 U.S. 152, 161 (1996).   This is so because federal habeas review under § 2254 is limited to review of the state court's decision on a merits issue cognizable under federal law.[4]   That is, the existence of a procedural bar in state court will render a petitioner's claims both exhausted and defaulted at once when presented in federal

---

[4] In addition, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits," because "Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that 'resulted in' a decision that was contrary to, or 'involved' an unreasonable application of, established law." Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011).

13

court, so long as the state procedural bar rests on independent and adequate state law grounds. See Bassette, 915 F.2d at 937. That is the case here.

1. Powell's Second Insufficient Evidence Claim (Claim 1b) Was Never Presented to the Supreme Court of Virginia and is Simultaneously Exhausted and Defaulted

Powell did not raise his second evidentiary claim – that the evidence was insufficient to convict him on multiple counts – at trial or on direct appeal. The first time Powell asserted this claim was in a motion to amend his state habeas petition, which was denied by the state court. Final Order, Powell v. Commonwealth, No. CL15-1998 (Va. Cir. Ct. Nov. 2, 2015) (ECF No. 13-6). But Powell was required to raise this evidentiary claim on direct appeal, and his failure to do so constitutes a procedural bar to federal habeas review. See Slayton v. Parrigan, 205 S.E.2d 680 (1974) (holding that habeas corpus may not be used as a substitute for the appellate process). Additionally, the time in which to raise this claim on direct appeal has now expired. See Va. Code § 8.01-671(C); Sup. Ct. Va. Rule 5A:6. Thus, the claim is simultaneously exhausted and defaulted. See Bassette, 915 F.2d at 937; Clagett v. Angelone, 209 F.3d 370, 378-379 (4th Cir. 2000).

A petitioner may overcome a procedural default by showing "cause and prejudice" or by establishing that his confinement

constitutes "a miscarriage of justice." Wainwright v. Sykes, 433 U.S. 72, 90-91 (1977). The court may excuse a default under the cause and prejudice standard when the petitioner demonstrates (1) "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" and (2) that "errors at his trial . . . worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimensions." Wolfe v. Johnson, 565 F.3d 140, 158 n.27 (4th Cir. 2009) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986); United States v. Frady, 456 U.S. 152, 170 (1982)).

Powell argues that the reason for his default was the ineffective assistance of his trial counsel. And indeed, ineffectiveness of counsel may establish sufficient "cause" to excuse a default. See Edwards v. Carpenter, 529 U.S. 446, 450-51 (2000). In order to show "cause" based on an ineffectiveness claim, Powell would have to satisfy the test established in Strickland v. Washington, 466 U.S. 668 (1984). See Edwards, 529 U.S. at 451 ("ineffective assistance adequate to establish cause for the procedural default of some other constitutional claim is itself an independent constitutional claim.") (emphasis in original). But as discussed in Part II(B)(2), infra, Powell cannot satisfy either prong under Strickland. As set forth in detail below, his claim of ineffectiveness fails because the

evidentiary claim he sought to assert lacks merit.  As a result, his attorney was not ineffective in failing to raise it.

In his reply brief, Powell also argues that in addition to showing cause and prejudice, he is also attempting to claim actual innocence.  A procedural default may be excused where "a constitutional error has probably resulted in the conviction of one who is actually innocent."  Murray v. Carrier, 477 U.S. 478, 496 (1986).  To obtain federal review of a defaulted claim via the actual innocence exception, the petitioner must identify "new reliable evidence," not available to him at trial, and the court must find, "in light of the new evidence it is more likely than not no reasonable juror would have convicted him."  Schlup v. Delo, 513 U.S. 298, 327-28 (1995); Sharpe v. Bell, 592 F.3d 372, 377 (4th Cir. 2010).  However, Powell has not identified any "new reliable evidence" unavailable to him at trial, and thus cannot show that the result would be different. Accordingly, he is not entitled to federal review of his defaulted claim based upon a claim of actual innocence.

2.  Powell's Ineffective Assistance of Counsel Claim (Claim 2) Was Never Presented to the Supreme Court of Virginia and is Simultaneously Exhausted and Defaulted

As with his related evidentiary claim, Powell first raised his ineffective assistance of counsel claim in a motion to amend his state habeas petition, which was denied by the state court.

And like his evidentiary claim, Powell failed to appeal the state habeas court's denial of his motion to amend, resulting in procedural default. See Whitley, 802 F.2d at 1500. Additionally, because the time to present this ineffectiveness claim to the state habeas court has expired, it is deemed simultaneously exhausted and defaulted. See Sup. Ct. Va. Rule 5:9; Hedrick, 443 F.3d at 364.

Procedural default of an ineffective assistance of counsel claim may be excused due to inadequate representation in state habeas proceedings. See Martinez v. Ryan, 566 U.S. 1, 132 S. Ct. 1309 (2012). In Martinez, the United States Supreme Court recognized that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Id. at 1315. Specifically, Martinez established a test to determine whether a petitioner can show cause for defaulting on an ineffective assistance claim on the basis of inadequate representation in state habeas proceedings. First, the state imposing the conviction must require the prisoner to raise an ineffective assistance claim in an initial collateral proceeding rather than on direct review.[5] Id. at

---

[5] "Initial-review collateral proceedings" are those proceedings under state law "which provide the first occasion to raise a claim." Martinez, 132 S. Ct. at 1315; see, e.g., Lenz v. Commonwealth, 544 S.E.2d 299, 304 (Va. 2001) (explaining that Virginia requires that ineffective assistance claims be brought in collateral proceedings).

1318.  Second, the state must have failed to appoint counsel in the initial-review collateral proceeding, or – if counsel was appointed – they must have been ineffective under Strickland v. Washington, 466 U.S. 668 (1984).  See Martinez, 132 S. Ct. at 1318.  Finally, the underlying ineffective assistance claim must be a "substantial one," which is to say the petitioner must show the claim has "some merit."  Id.

As to the first step under Martinez, Virginia law requires a petitioner to raise all claims of ineffective assistance of counsel on collateral review, and thus Powell's case meets this requirement.  See Lenz, 544 S.E.2d 299, 304 (Va. 2001).  Counsel was not appointed in Powell's initial-review collateral proceeding, and thus meets Martinez's second requirement.  However, Powell fails to show that his claims are meritorious, and therefore fails to establish that the procedural default is excused under Martinez.

With respect to the merits of his claim, Powell argues that his counsel was ineffective for failing to raise objections to the sufficiency of the evidence to convict him on multiple counts stemming from the discharge of the shot gun.  Powell alleges that the multiple shots constitute one action, and that being convicted on multiple counts for one action violates the

Double Jeopardy Clause.[6]   In order to satisfy Martinez's "substantial" claim requirement, Powell is required to show that his ineffective assistance of counsel claim has "some merit." See Martinez, 132 S. Ct. at 1318.   To succeed on an ineffectiveness claim, Powell would have to meet the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984).[7]   That is, under Strickland's "performance" prong, Powell must show that "counsel's representation fell below an objective standard of reasonableness," such that he "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."[8]   Id.   To satisfy the "prejudice" prong of the test, Powell must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[9]   Id. at 694.   The burden is on the petitioner to show that counsel's performance was deficient because

---

[6] Relevant to Powell's claim, the Double Jeopardy Clause of the Fifth Amendment protects individuals from multiple punishments for the same offense.   See U.S. Const. amend. V; Illinois v. Vitale, 447 U.S. 410, 415 (1980).

[7] As both prongs of the test are "separate and distinct elements" of an ineffective assistance claim, Williams must satisfy both requirements of the test to prevail on the merits.   Spencer v. Murray, 18 F.3d 229, 232-33 (4th Cir. 1994); see Strickland, 466 U.S. at 697.   Likewise, the court can address the elements in any order.   Additionally, the court reviews alleged errors of counsel individually, not cumulatively.   Fisher v. Angelone, 163 F.3d 835, 852 (4th Cir. 1998).

[8] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense."   U.S. Const. amend. VI.

[9] The Supreme Court has defined a "reasonable probability" as "a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694

19

"counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 687. Powell fails to show any merit to his claim with respect to both prongs.

To begin with, under Virginia law, each individual shot fired constitutes a separate, identifiable act. See Stephens v. Commonwealth, 557 S.E.2d 227, 230 (Va. 2002). In Stephens, the Supreme Court of Virginia rejected the exact argument that Powell makes here, concluding that separate convictions for each shot fired into an occupied vehicle did not violate the Double Jeopardy Clause. Id. Given that established Virginia law foreclosed Powell's underlying argument, he cannot show that "counsel's representation fell below an objective standard of reasonableness," such that he "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Indeed, counsel "is not required to have a tactical reason . . . above and beyond a reasonable appraisal of a claim's dismal prospects for success" for not presenting a weak claim. See Knowles v. Mirzayance, 556 U.S. 111, 127 (2009). In light of Stephens, it would be reasonable for counsel not to pursue the Double Jeopardy argument. And because established Virginia law precluded the argument, Powell cannot show that, but for his attorney's failure to raise the objection, "the result of the

proceeding would have been different." _Strickland_, 466 U.S. at 694. In other words, it was not objectively unreasonable for Powell's trial counsel to have concluded that the Virginia Supreme Court would adhere to its prior holding in _Stephens_ under nearly identical facts (i.e., shooting from a vehicle into an occupied space). Because Powell cannot establish either prong of _Strickland_, the claim is not "substantial." _Martinez_, 132 S. Ct. at 1318. Powell's ineffective assistance of counsel claim remains barred from federal habeas review.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Respondents' Motion to Dismiss (ECF No. 13) be GRANTED, and Powell's Petition (ECF No. 1) DISMISSED.

### IV. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, _see_ 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections

within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).


/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

May 5, 2017

## Clerk's Mailing Certificate

A copy of the foregoing was mailed this date to:

Vincent Craig Powell
#1394622
River North Correctional Center
329 Dellbrook Ln
Independence, VA 24348

A copy of the foregoing was provided electronically this date to:

Rosemary Bourne
Office of the Attorney General
202 North Ninth Street
Richmond, VA 23219

Fernando Galindo, Clerk

By_____
Deputy Clerk

May 5_____, 2017